IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JESSIE JONES,                      )
                                   )
               Plaintiff,          )
                                   )
Vs.                                )   No.
                                   )
MENASHA CORPORATION,               )
                                   )
               Defendant.          )

# COMPLAINT

Neil J. Marcus, Esquire
Attorney for Plaintiff

P.O. Box 652
Monongahela, PA  15063
(724) 258-8444
(724) 258-2992   Fax
neiljmarcus@comcast.net

Pa. I.D. #: 23432

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSIE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | No. |
| ) | |
| MENASHA CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

AND NOW, comes your Plaintiff, Jessie Jones, by and through his attorney, Neil J. Marcus, Esquire, who avers as follows:

### Factual Background

1. The Plaintiff, Jessie Jones, is an adult individual residing at 110 Lynch Lane, Ruffs Dale, Westmoreland County, Pennsylvania 15679.

2. The Defendant, Menasha Corporation, is a corporation with an address of 567 Waltz Mill Road, Ruffs Dale, Westmoreland County, Pennsylvania 15679.

3. The Plaintiff was employed at the Menasha Corporation for approximately four years as a machine equipment operator.

4.     On or about September 24, 2015, the Plaintiff was operating his machine lifting and pushing boxes. While stacking a bundle of boxes and pushing them, he experienced a sharp stabbing pain in his left shoulder and developed further problems with his neck and back.

5.     Your Plaintiff filed a workers' compensation claim against the Defendant and that claim is still pending.

6.     During the course of the litigation, the Defendant scheduled the Plaintiff to see a Steven E. Kann, M.D. who saw the Plaintiff at the request of the Defendant and the Defendant's insurance company on February 23, 2016. In the opinion of Dr. Kann, Mr. Jones' may have suffered a work injury but Mr. Jones was fully recovered as of the date of the physical examination. Shortly after the examination the Defendant sent a letter to the Plaintiff demanding that he return to work based upon the opinions of Dr. Kann and despite not being released by any of his treating physicians. A copy of their letter dated March 21, 2016 is attached hereto and marked as Exhibit "A".

7.     Your Plaintiff did not return to work at the Menasha Corporation because he had not been released to work by any of his treating doctors. It should be noted that subsequent to Dr. Kann opining that the Plaintiff fully recovered, the Plaintiff was operated on for his left shoulder injury by Dr. Glenn A. Buterbaugh his treating orthopedic surgeon on September 9, 2016, and is recuperating from that surgery.

8. A letter was sent by Plaintiff's counsel, which is attached hereto as Exhibit "B", to Menasha Corporation dated March 28, 2016, asking for a copy of the Collective Bargaining Agreement and a portion of the plan documents regarding Sickness and Accident Benefits. The Defendant has willfully refused to provide the plan documents.

## COUNT I

9. Paragraph 1 through 8 are hereby incorporated by reference as though more fully set out at length.

10. At all times averred herein, the Plaintiff was a beneficiary under the Collective Bargaining Agreement with the Defendant.

11. The Defendant had thirty days from the date of Plaintiff's letter to provide him with a copy of all plan documents and the Collective Bargaining Agreement.

12. See Retirement Income Security Act of 1974, § 104(b)(4), 29 U.S.C.A. § 1024(b)(4).

13. Your Plaintiff believes and, therefore, avers the Defendant breached its fiduciary obligations under the plan by not turning over to Plaintiff a copy of the Collective Bargaining Agreement and plan documents.

14. Your Plaintiff believes and, therefore, avers that the Defendant is obligated to pay a penalty of $100.00 a day for each and every

day that the Plaintiff is not provided with plan documents. 29 U.S.C.A. §1132(c).

15. Your Plaintiff believes and, therefore, avers that April 28, 2016 was thirty (30) days after Plaintiff's letter of March 28, 2016 and the due date for their response until the present.

WHEREFORE, your Plaintiff, Jessie Jones, requests the following:

a. Penalty in the sum of $100.00 a day for each and every day that the Plaintiff has not received and continues to not receive plan documents that were requested as of March 28, 2016;

b. Reasonable attorney's fees; and

c. Such other relief as the court may deem appropriate.

Respectfully submitted,

By __*(signature)*__

Neil J. Marcus, Esquire
Attorney for Plaintiff
204 West Main Street
P.O. Box 652
Monongahela, PA  15063
(724) 258-8444
(724) 258-2992  Fax
Pa. I.D. #:  23432

## **AFFIDAVIT**

I, WE, <u>Jessie Jones</u>, verify that the statements made in the foregoing <u>   COMPLAINT   </u> are true and correct.

I, WE, understand that false statements herein are made subject to the penalties of 18 PA. C.S. Section 4904 relating to unsworn falsification to authorities.


Dated: __10-26-16__                    _____
                                                                Jessie Jones